## LAKE v. WHITE et al.

### No. 9130.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1933.

Rehearing Granted Oct. 25, 1933.

Cunningham & Rabel, of Harlingen, for plaintiff in error.

John C. Myrick and Greenwood & Lewis, all of Harlingen, for defendants in error.

FLY, Chief Justice.

This suit was instituted by plaintiff in error against Martha J. White and thirteen others, some of whom are children of said Martha J. White and her deceased husband, G. D. White, and J. W. Wade. Greenwood & Lewis, attorneys at law, intervened in the cause. The court sustained a general demurrer and special exceptions to the petition. The judgment, if it has any foundation at all, must rest on the cross-action which Martha J. White sought to plead in the case and the plea of intervention. The other defendants merely answered the petition and did not attempt to plead a cross-action.

The petition is so inextricably confusing in its fifteen pages as to be incapable of being understood, and utterly insufficient to support a judgment. It was clearly subject to general demurrer. Although the general demurrer was sustained and the petition eliminated from the action, the cross-action of Martha J. White refers to it for a description of the land and the notes, and the facts to be obtained from the petition are essential parts of the cross-action, without which the cross-action is clearly insufficient to form the basis for a judgment.

The petition in this case alleged that in 1930 plaintiff in error entered into a contract for the purchase of 12.96 acres of land, with G. D. White, Martha J. White, J. C. Hardy, and Pearl White Hardy; that he agreed to pay $1,080.24 per acre, in various small sums and in five promissory notes, two to Martha J. White and three to G. D. White; that there was, through fraud or mistake, a shortage of over an acre in the amount of land; and that there were misrepresentations as to certain interest to become due in the future. Plaintiff in error sought to re-

cover certain sums of money paid by him, not quite definitely shown, and a reformation of the contract. J. W. Wade was not sued as administrator, and did not answer in that capacity, and yet was given judgment as administrator. No one filed a cross-action except Martha J. White, and that, as herein stated, referred to the petition which had been demurred out of court. The judgment was rendered in favor of the defendants as though they had filed clear and conclusive cross-actions. The judgment had no other basis but the cross-actions, which did not exist.

There is no adequate pleading upon which to base the judgment and it will be reversed, and the cause remanded in order that the issues may be repleaded in a manner to plainly present them to the court.

Reversed and remanded.

### On Motion for Rehearing.

This suit was instituted by plaintiff in error against Martha J. White and thirteen others, some of whom are children of said Martha J. White and her deceased husband, G. D. White, and J. W. Wade. Greenwood and Lewis, attorneys at law, intervened in the cause. The court sustained a general demurrer and special exceptions to the petition. The judgment, if it has any foundation at all, must rest on the cross-action which Martha J. White sought to plead in the case and the plea of intervention. The other defendants merely answered the petition and did not attempt to plead a cross-action.

The petition is so inextricably confusing in its fifteen pages as to be incapable of being understood, and utterly insufficient to support a judgment. It was clearly subject to general demurrer.

The petition in this case alleged that in 1930 plaintiff in error entered into a contract for the purchase of 12.96 acres of land, with G. D. White, Martha J. White, J. C. Hardy, and Pearl White Hardy; that he agreed to pay $1,080.24 per acre, in various small sums and in five promissory notes, two to Martha J. White and three to G. D. White; that there was, through fraud or mistake, a shortage of over an acre in the amount of land; and that there were misrepresentations as to certain interest to become due in the future. Plaintiff in error sought to recover certain sums of money paid by him, not quite definitely shown, and a reformation of the contract. J. W. Wade was not sued as administrator, and did not answer in that capacity, and yet was given judgment as administrator.

 A motion for rehearing has been filed herein by those who recovered the judgment in the lower court, on the cross-action filed by them, and, upon reconsideration, we have concluded that the judgment should not have been reversed and the cause remanded, in view of the fact that the plaintiff in error made no complaint whatever of the judgment obtained by the defendants in error.

 Of course, the judgment should be reversed as to J. W. Wade, as administrator. It is therefore the order of this court that a rehearing be granted, that the former opinion be withdrawn, and that the judgment as to J. W. Wade, administrator, be reversed, and judgment here rendered that said Wade in said capacity recover nothing of plaintiff in error in this suit; but in all other respects the judgment of the trial court will be affirmed, at the cost of said Wade, administrator.